# IN THE COURT OF APPEALS OF IOWA

No. 25-0528
Filed June 18, 2025

IN THE INTEREST OF A.T., O.T., and J.T.,
Minor Children,

A.T., Father,
        Appellant,

J.M., Mother,
        Appellant.
_____

Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, Judge.

A mother and father separately appeal the juvenile court's order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Michael M. Lindeman, Cedar Rapids, for appellant father.

Robin L. O'Brien Licht, Cedar Rapids, for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Julie Trachta, Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor children.

Considered without oral argument by Tabor, C.J., and Ahlers and Langholz, JJ.

**AHLERS, Judge.**

Continued lack of cooperation by the parents of three children—two born in 2021 and the third born in 2023—prevented reunification between the children and the parents following the children's removal. That inability to reunify led the juvenile court to terminate the parental rights of all parents to the children. One of those parents is the biological father of the oldest child and the legal father of the youngest. He appeals the juvenile court's order terminating his rights.[1] The mother of all three children separately appeals.

Our review is de novo—a method of review by which we give weight to the juvenile court's fact findings, especially as to witness credibility, but are not bound by them. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Our review follows a three-step process of determining (1) whether the State established a statutory ground for termination; (2) whether termination is in the children's best interests; and (3) whether a permissive exception should be applied to avoid termination. *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022).

In their separate petitions on appeal, the father and mother raise the same two issues.[2] First, they contend the State failed to establish a statutory ground for

---

[1] Because this father is the only father who appeals, all references to the father in this opinion are to this father.

[2] The father's petition on appeal makes two passing references to a request for additional time to work toward reunification. These sprinkled references are insufficient to avoid waiver or forfeiture of the issue, as the issue was not given its own issue heading as required by the Iowa Rules of Appellate Procedure, no authority is cited, and no substantive argument is made. *See In re A.T.*, No. 25-0119, 2025 WL 1085210, at *1 n.1 (Iowa Ct. App. Apr. 9, 2025) (finding waiver under similar circumstances); *see also State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024) (describing ways an issue can be forfeited on appeal, including by failing to clearly identify an issue, make an argument in support of an issue, make more than a perfunctory argument in support of an issue, or cite authority in support of

termination. Second, they contend a permissive exception should be applied to forgo termination. We address each issue in turn.

## I. Statutory Grounds

The juvenile court terminated the father's rights to the oldest child pursuant to Iowa Code section 232.116(1)(f) (2024) and to the youngest pursuant to section 232.116(1)(h). The court terminated the mother's rights to the oldest child pursuant to section 232.116(1)(f) and to the younger two pursuant to section 232.116(1)(h).

Under both paragraph (f) and (h), the court can terminate a parent's rights if clear and convincing evidence shows that a child has been adjudicated a child in need of assistance, has been removed from the parent's custody, and cannot be returned to the parent's custody without exposing the child to adjudicatory harm. *See* Iowa Code § 232.116(1)(f)(2)–(4), (h)(2)–(4). The subparagraphs differ only in the age of the child and how long the child has been removed from the parent's custody. *Compare id.* § 232.116(1)(f)(1) (applying to a child aged four years or older), (f)(3) (requiring removal for at least twelve of the last eighteen months), *with id.* § 232.116(1)(h)(1) (applying to a child aged three years or younger), (h)(3) (requiring removal for at least six of the last twelve months).

As to the father's challenge, we can stretch to discern from his petition on appeal that he contests only the juvenile court's finding as to the fourth element of

---

an issue). So, to the extent the father was attempting to raise an issue of the juvenile court's failure to grant additional time to work toward reunification, we find he has forfeited the issue. That said, even if he had not forfeited it, we find the issue to be without merit, as the juvenile court already gave the parents an extension and the father has not made sufficient progress to warrant another.

the statutory grounds—that the children could not be returned to his custody—but he offers little to support his claim that the juvenile court was wrong. And we agree with the juvenile court that the children could not be returned to the father's custody as he had not progressed past supervised visits, failed to address his domestic-violence issues, and lacked insight as to how his violence toward the mother negatively affects the children. *See In re L.H.*, 13 N.W.3d 627, 629 (Iowa Ct. App. 2024) ("[The parent] never progressed beyond fully-supervised visits, which also prevented an immediate return of custody."), *overruled on other grounds by In re L.A.*, __ N.W.3d ___, ___, 2025 WL 855764, at *3, (Iowa Ct. App. 2025); *In re M.H.*, No. 24-1057, 2024 WL 4503212, at *3 (Iowa Ct. App. Oct. 16, 2024) (finding children cannot be returned to a parent's custody when there are unresolved domestic-violence issues).

The mother also limits her challenge to the fourth element, contending the juvenile court incorrectly determined that the children could not be returned to her custody at the time of the termination trial. Based on our de novo review of the record, we agree with the juvenile court. As noted by the juvenile court, this family came to the attention of the Iowa Department of Health and Human Services over ten times in about five years due to issues of substance use, mental-health issues, and domestic violence; and each time "there was a complete lack of cooperation on the part of [the mother]." From the time the youngest child was born with illegal drugs in his system in 2023 to the time of the termination trial, the department directed the mother to submit to drug testing 127 times. She refused to submit to testing three times and failed to show for seventy-four others. When she did test, eighteen of the tests were positive for an illegal drug.

In addition, the mother has a history of being romantically involved with abusive men, including the father. Despite that history, the mother refused to participate in services designed to address the problem. She also demonstrated a concerning lack of insight as to how failing to keep herself away from abusive men adversely affects the children. *See M.H.*, 2024 WL 4503212, at *3 (finding children cannot be returned to a parent's custody when there are unresolved domestic-violence issues).

The mother has significant health issues that limit her ability to parent on her own. As a result, she needs help. But she only identified two people who could provide that help. One is the father, who has unresolved domestic-violence and anger issues. The other is her mother, who the mother has described only in negative terms and who has refused to cooperate with the department to make sure she is suitable to have the children in her care when the mother needs help. This lack of a needed support system contributes to our conclusion that the children could not be returned to the mother's custody.

Finally, the mother has not progressed to unsupervised visits, and she cuts her visits short a majority of the time. *See In re C.N.*, No. 19-1861, 2020 WL 567283, at *1 (Iowa Ct. App. Feb. 5, 2020) ("[The parent] never progressed to unsupervised visits or trial home visits. Without this necessary progression, we cannot say the children could have returned to the [parent]'s care."). While the visits generally go well, they are plagued by the mother permitting random, unauthorized men to be present during visits. Given her history of unhealthy relationships, this behavior is another concern that prevents progress to unsupervised visits and return of custody.

Following our de novo review, we agree with the juvenile court that the children could not be returned to the mother's custody. As a result, her challenge to the statutory grounds for termination fails.

## II. Permissive Exception

Even when the State has established a statutory ground for termination, a court can deny termination if it determines one or more of the exceptions in section 232.116(3) apply. The exceptions are permissive, not mandatory, and the parent seeking to avoid termination has the burden of establishing applicability of an exception. *In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018).

Each parent contends the exception in section 232.116(3)(c) applies.[3] That exception applies if a parent presents "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." *See* Iowa Code § 232.116(3)(c). Each parent contends they met their respective burden of proving the applicability of this exception because both presented evidence that they love the children and there is a strong bond between each parent and the children. While we agree the record establishes that each parent loves the children and each parent has a bond with the children, that is not enough to satisfy each parent's burden. To apply this permissive factor, "[t]he law requires clear and convincing evidence that 'termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.'" *In re A.B.,* 956 N.W.2d 162, 169 (Iowa 2021)

---

[3] Though the issue heading in the mother's petition on appeal refers to this challenge as a challenge to the best-interests step of the three-step analysis, we interpret the substance of her argument to be a challenge based on the permissive-exception step. We address it accordingly.

(quoting Iowa Code § 232.116(3)(c)).  And in assessing this exception, our concern is not a parent's love for the child, but whether the child will be disadvantaged by termination.  *In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010).  Viewed through the lens the law requires, we agree with this finding by the juvenile court:

> The court, in making this decision, has considered the trauma caused by the termination of parental rights, and the bond and loyalty that the children have with and for their parents, but finds that the likelihood of continued exposure to domestic violence, substance use and unstable mental health and that resulting trauma, far outweighs the trauma of termination.

As such, each parent failed to meet the parent's burden of establishing applicability of the exception, and we reject each parent's challenge accordingly.

## III.    Conclusion

The father's statutory grounds challenge fails because the children could not be returned to his custody at the time of the termination trial.  Likewise, the mother's challenge to the statutory grounds fails because the children could not be returned to her custody at the time of the termination trial.  Each parent failed to establish the applicability of an exception to termination based on the closeness of the parent-child relationships.  As a result, we affirm the juvenile court's order terminating both parents' parental rights.

**AFFIRMED ON BOTH APPEALS.**